NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

</div>

ANNA NOWATKOWSKI, PETITIONER, v. BAKELITE CORPORATION, RESPONDENT.

**Death—Poisoning From Occupation Alleged—Possibly Benzol, Phenol, Phosphorus or Mercury—Death at Greystone Hospital; Where Disease was Diagnosed as Psychosis, With Cerebral Arterio Sclerosis—Held, That Petitioner Has Not Sustained Burden of Proving Death was Result of an Occupational Disease Arising Out of and in Course of His Employment.**

On determination of facts and judgment.

A petition having been filed in the above stated matter, praying for compensation to which the petitioner may be entitled by virtue of an act of the legislature entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, and the act amendatory thereof and supplemental thereto; and a time and place for the hearing of the petition having been fixed, and the petitioner and respondent having appeared on March 9th, -926; April 27th, 1926; July 6th, 1926; July 28th, 1926, and October 17th, 1926, the petitioner being represented by Louis J. Feit (Salvatore

La Corte, Esq.), and the respondent being represented by Arthur F. Mead (Charles S. Gray, Esq.), and the deputy commissioner having heard the testimony offered on behalf of the parties hereto—

1. For the petitioner appeared the petitioner herself, her son, and her son-in-law, who testified that the decedent had worked with the respondent and had ceased work because of some rashes on his arms in 1922. The decedent then procured another position and was in normal health until he returned to his old position with the respondent in 1925, when he became ill, had a recurrence of rashes on his arms and had to stop work on June 25th, 1925. He was taken to the State Hospital at Greystone Park on August 3d, 1925, and died there on August 19th.

2. Dr. Nittoli, who attended the decedent in Elizabeth, testified that the decedent "was suffering from a gradual absorption of some poisonous material, the exact nature of which was undeterminable." He went on to say that in his opinion "this case was one of benzol poisoning, but I cannot prove it." He further said that the poisoning "may be benzol, may be phenol, or it may have been phosphorus or mercury."

3. Dr. Harris was a witness for the petitioner and testified that in his opinion the case might well have been one of alcohol poisoning. Dr. Harris, in answer to numerous hypothetical questions, testified relative to the work at the plant and the process of manufacture, but this was not of his own knowledge.

4. Mr. Chamberlain, superintendent of the company plant, and Kleinecht, foreman at the plant, were called, and testified as to the work which was done at the plant.

5. For the respondent appeared Dr. Washburn, who is the attending physician at the State Hospital at Greystone Park, where the decedent was confined from August 3d, 1925, until August 19th, 1925. Dr. Washburn diagnosed the case as one of "psychosis with cerebral arterio sclerosis," and signed the death certificate to the same effect. He was of the opinion that there was no industrial poisoning involved.

6. Dr. Christian, the state pathologist, at the same institution, testified that the blood count and blood differential were normal on examination.

7. Dr. Willner, an expert on occupational diseases, testified that chemical poisoning was not a factor in causing the death of this man.

8. Dr. Alfred E. Edel, consulting chemist and taxicologist, testified especially on benzine and wood alcohol poisoning.

9. The respondent showed that the decedent's employment with the respondent for a period of only eighteen and one-half days would be too short an interval to contract an industrial disease chronic in its nature and of such intensity as to cause death.

10. The petition sets forth that the accident was "absorption of gas fumes," and the testimony produced by the petitioner did not prove one specific, compensible, occupational disease, but dealt with many possible chemical poisons.

I do find and determine, therefore, that the petitioner has failed to sustain the burden of proving that her husband's death was the result of an occupational disease arising out of and in the course of his employment with the respondent; nor has she proven that her husband's death was the result of an accident arising out of and in the course of his employment with the respondent. *Bryant* v. *Fissel,* 84 *N. J. L.* 72; *Schmoll* v. *Weisbrod Hess Brewing Co.,* 89 *Id.* 150; *Dunnwald* v. *Steeris,* 89 *Id.* 601; *Reimers* v. *Proctor Publishing Co.,* 85 *Id.* 441, 443.

It is therefore ordered that the petition be dismissed and judgment be entered in favor of the respondent.

CHARLES E. CORBIN,
*Deputy Commissioner.*